IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO RBC BANK (USA), SUCCESSOR TO RBC CENTURA BANK, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 14-0175-CG-M |
| CAHABA FURNITURE, LLC, and MELEASA KIM HARRIS A/K/A KIM HARRIS, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

PNC Bank, National Association ("Plaintiff") moves this Court for entry of a default judgment against defendant Cahaba Furniture, LLC ("Defendant") (Doc. 12).[1] Plaintiff requested and the Clerk of Court entered default against Defendant on June 6, 2014 (Doc. 10). Because Defendant has not appeared in this case, it is not entitled to notice of the pending motion. FED. R. CIV. P. 55(b)(2). The complaint sets forth the existence of diversity jurisdiction with a sufficient amount in controversy. (Doc. 1, pp. 2 – 3).

Rule 55 establishes a two-step process for obtaining a default judgment. First, a party must successfully request the Clerk of Court to enter the other party's default. FED. R. CIV. P. 55(a). Second, after receiving the Clerk's entry of default, the party must submit a motion for default judgment

---

[1] Defendant Meleasa Kim Harris is not subject to this motion. (Doc. 8).

to the court. FED. R. CIV. P. 55(b). If the plaintiff's claim is for a sum certain, the clerk will enter default judgment, but if damages are uncertain or other relief is sought, the plaintiff must apply to the court for default judgment. FED. R. CIV. P. 55(b)(2).

A plaintiff is not automatically entitled to a default judgment if a party fails to appear and the Clerk enters default against it. Default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," rather it is merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted); see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). Thus "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint ... actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Security, LLC v. Alcocer, 218 Fed. App'x 860, 863 (11th Cir. 2007). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (citations omitted).

### A.  Claim Asserted

Here, the complaint asserts specific and detailed facts against

Defendant to state a cognizable claim based on breach of the promissory note, which is in essence a breach of contract claim. (Doc. 1). Pursuant to Alabama law, the elements for a breach of contract claim are: "(1) the existence of a valid contract binding the parties in the action, (2) [plaintiff's] own performance under that contract, (3) the defendant's nonperformance, and (4) damages." Southern Med. Health Sys., Inc. v. Vaughn, 669 So.2d 98, 99 (Ala. 1995) (citations omitted).

The complaint alleges and the supporting documents show that Plaintiff's successors loaned Defendant $350,000, which is evidenced by a promissory note dated December 12, 2007. (Doc. 1, p. 3, Exh. 2). The parties modified their initial loan agreement through a forbearance agreement dated October 15, 2010 (Doc. 1, Exh. 3), an amendment to the forbearance agreement dated January 13, 2011 (Doc. 1, Exh. 4), and a second amendment to the forbearance agreement dated May 2, 2011. (Doc. 1, Exh. 5). The promissory note is secured by a mortgage dated December 12, 2007 (Doc. 1, Exh. 6), which the parties modified on October 15, 2010. (Doc. 1, Exh. 7). A commercial security agreement entered into by the parties on December 12, 2007 also secures the promissory note. (Doc. 1, Exh. 8).

The complaint further states Plaintiff performed its obligations under the note and corresponding agreements, and Defendant failed and refused to perform its corresponding obligations. (Doc. 1, pp. 5, 7). Defendant did not pay real property taxes or sums due when called for under the note. (Doc. 1,

3

p. 5). As a result, Plaintiff accelerated the note and demanded its payment on October 8, 2013. (Doc. 1, Exh. 10). Following this demand, Defendant failed to make payments, which led Plaintiff to file this suit asserting breach of the promissory note. (Doc. 1, p. 7).

Defendant, by its default, admits Plaintiff's well-pleaded factual allegations in the Complaint. See Nishimatsu Const. Co., Ltd. v. Houston Nat'l. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Because the Court deems all well-pleaded allegations set forth in the Complaint admitted, Plaintiff has established (1) the existence of a valid contract binding Plaintiff's successors and Defendant, (2) Plaintiff's successors' performance under that contract, (3) Defendant's nonperformance under the contract, and (4) damages suffered by Plaintiff as a result of Defendant's nonperformance. The Court finds Plaintiff has thus sufficiently stated a claim entitling it to default judgment for Defendant's breach of the promissory note.

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action. FED. R. CIV. P. 55(b)(2). Further, as to any civil action in which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" addressing the defendant's military status. 50 U.S.C. app. § 521(b). Because Defendant is a limited liability company, it cannot be a minor, incompetent, or serve in the military. Accordingly, there is no need for such averment and default

judgment is appropriate on Plaintiff's claim.

**B. Damages**

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). The Court finds that the default judgment sought is consistent with the allegations and relief sought in the complaint. (Doc. 1, p. 6; Doc. 12, pp. 2 – 3). Plaintiff's requested default judgment therefore does not violate Rule 54(c).

While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if plaintiff is seeking amounts that are adequately supported by affidavits and other documentation. See, e.g., S.E.C. v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005) (explaining that evidentiary hearing is not per se requirement for entry of default judgment, and may be omitted if all essential evidence is already of record).

**1. Damages from Breach of Promissory Note**

In this case, a hearing is not necessary to decide the pending motion for entry of default judgment. The issues before the Court are not complicated and the allegations before it relate to sums certain. Additionally, the Court

5

notes Plaintiff has not requested a hearing.

The affidavit testimony indicates that the damages sought by Plaintiff are for a sum certain, or for a sum that can be made certain through computation. (Doc. 12, Exhs. 1 – 2). Plaintiff's motion for default judgment seeks a total judgment for $431,852.89. (Doc. 12, pp. 2 – 3). This figure includes money owed for 1) the promissory note principal ($329,849.36), 2) accrued interest through June 26, 2014 ($74,700.18), 3) appraisals ($7,907.38), 4) environmental inspections ($4,907.96), 5) expenses ($335.00), 6) late charges ($5,898.51), and 7) attorney's fees ($9,064.50). (Doc. 12, pp. 2 – 3). Plaintiff also requests per diem interest on the note principal at a rate of $69.95, and court costs. (Doc. 12, pp. 2 – 3).

The promissory note specifically provides that Defendant agreed to a loan from Plaintiff's successors for $350,000, with an initial interest rate of 7.740%,[2] and further agreed to pay attorney's fees, court costs, and late charges in the event of default.[3] (Doc. 1, Exh. 2, pp. 2 – 3). The forbearance agreement dated October 15, 2010, which is attached to Plaintiff's motion for

---

[2] The promissory note also provides that "upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 18% per annum." (Doc. 12, Exh. 1, p. 7).

[3] The Commercial Security Agreement further discusses Lender's expenditures in the event of "any action or proceeding" that "would materially affect Lender's interest in the Collateral or if Grantor fails to comply with any provision of this Agreement." (Doc. 1, Exh. 8, p. 4). Pursuant to the Commercial Security Agreement, Grantor (Defendant) authorized Lender (Plaintiff's successors) to take action on Grantor's behalf to insure, maintain, preserve, or, in the event of default, sell the collateral. (Doc. 1, Exh. 8, pp. 4 – 5).

default judgment as an exhibit (Doc. 12, Exh. 1, p. 11), states Defendant owed $324,141.98 on the note principal as of that date, plus accrued interest of $6,242.15 and late charges of $1,323.12. (Doc. 1, Exh. 3, p. 2). In its motion for default judgment, however, Plaintiff requests $329,849.36 for the note principal. (Doc. 12, p. 3). The note principal as of October 15, 2010 is less than the principal amount Plaintiff seeks in its motion for default judgment. Because of this discrepancy and lack of explanation for the differing amounts, the Court finds Defendant owes $324,141.98 for the note principal. (Doc. 12, Exh. 1, p. 4). As a result, Plaintiff is awarded $324,141.98 for the note principal, and the amounts specified above for appraisals, environmental inspections, and expenses. Plaintiff must recalculate the corresponding accrued interest and late charges based on the note principal of $324,141.98, and submit a proposed default judgment with these revised calculations.

### 2. Attorney's Fees

Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs under the terms of the note. (Doc. 1, Exh. 2, p. 3). As the party requesting attorney's fees, Plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citations omitted). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services

by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). This Court recently addressed the rates that are reasonable for practitioners in this market. See, e.g., SE Prop. Holdings, LLC v. Green, 2013 WL 790902 at *6 (S.D. Ala. Mar. 1, 2013) (discussing attorney and paralegal hourly rates); Vision Bank v. FP Mgmt., LLC, 2012 WL 222951 (S.D. Ala. Jan. 25, 2012).

Plaintiff submits time records for five attorneys and three paralegals working on this matter. Each attorney had more than twenty-five years of legal experience, and charged $175 per hour. Each paralegal charged $90 per hour. (Doc. 12, Exh. 2, p. 4). The Court finds that these attorney hourly rates are in line with rates allowed in other cases in this Court, and with the Court's own knowledge of the rates charged in this district. The paralegal rates, however, are not supported by the record or case law. Customarily, without evidence of "unusually advanced qualifications or expertise," this Court has awarded $75.00 as a reasonable hourly rate for paralegals. Ceres Envtl. Servs, Inc. v. Colonel McCrary Trucking, LLC, 2011 WL 1883009, *6 (S.D. Ala. May 17, 2011). Plaintiff has not shown that the paralegals working on this case had "unusually advanced qualification or expertise." Therefore, the Court finds $75.00 is a reasonable hourly rate for paralegal time.

Plaintiff further submits detailed descriptions for each time entry. (Doc. 12, Exh. 2, pp. 10 – 16). Altogether, Plaintiff's attorneys billed 50.1

8

hours to this matter, and the paralegals billed 3.3 hours. Based on the record and timekeeping descriptions provided, the Court finds reasonable the total hours billed by Plaintiff's attorneys and paralegals. The Court therefore concludes that Plaintiff is awarded $9,015 for attorney's fees and costs as specified above, less the reduction of the paralegals' hourly rate.

Based upon the Court's review of the affidavit testimony, record, and relevant law, Plaintiff is due to recover from Defendant damages for the note principal, accrued interest, late charges, attorney's fees, court costs, appraisals, environmental inspections, and expenses. Plaintiff is hereby ORDERED to submit a revised default judgment showing the recalculated accrued interest and late charges based on the appropriate note principal in accordance with this order no later than **August 22, 2014**. Once the revised default judgment calculation is submitted, the Court will enter judgment forthwith.

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment as to Defendant Cahaba Furniture, LLC (Doc. 12) is **GRANTED in part** and **DENIED in part.** A default judgment will be entered in favor of Plaintiff by separate order.

**DONE and ORDERED** this 15th day of August, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE